74217. LIPSITZ et al. v. FIREMAN'S FUND INSURANCE COMPANY OF GEORGIA.
(358 SE2d 624)

BANKE, Presiding Judge.

The appellee insurance company filed the present action to obtain a declaratory judgment with respect to whether the collapse of the roof on a refrigerated warehouse owned by the appellants was an event insured against under the terms of a policy of casualty insurance which the appellee had issued to them. This appeal is from the grant of the appellee's motion for summary judgment and the denial of the appellants' motion for partial summary judgment.

For three years prior to the actual collapse of the roof, the property had been insured under a multi-peril ("all-risk") commercial property damage insurance policy issued by the appellee. It is undisputed that the damage would have been covered under the terms of that policy had the roof fallen during the period that policy was in effect. However, on August 1, 1985, five days before the roof fell, the "all-risk" policy expired and was replaced by a "named peril" policy, which, the parties agree, did not insure against the type of damage at issue.

The appellants submitted the affidavit of an engineering expert to the effect that the collapse had resulted from "the introduction of water into the [roof's] insulation [which] then turned to ice causing the structure to sag, thereby creating a ponding effect and eventual roof collapse." The appellants' expert was of the opinion that the water and ice had been accumulating in the roof "for some considerable time prior to August 1, 1985." The appellee's expert agreed that ice had been forming in the insulation prior to August 1, 1985, but was of the opinion that the introduction of rain after August 1, 1985, had also been a significant factor. The trial court ruled as a matter of law that the "all-risk" policy afforded no coverage for the loss, concluding that the mere accumulation of ice in the roof insulation was not, in and of itself, an "event insured against" under that policy. *Held*:

In *Nationwide Mut. Fire Ins. Co. v. Tomlin*, 181 Ga. App. 413,

415 (352 SE2d 612) (1986), it was stated that "when 'collapse' is not otherwise defined in an ["all-risk"] insurance policy, it shall be deemed as having occurred when there is a reasonably detectable serious impairment of structural integrity." Although the term "collapse" was not actually used in the "all-risk" policy at issue in the present case, it is conceded that a collapse occasioned by outside forces was an event insured against by that policy, which by its terms covered "all risks of direct physical loss or damage from any external cause to the property." Since, under *Tomlin*, a "serious impairment of structural integrity" may, in and of itself, be equated with a "collapse," it would appear to follow that such structural impairment may, in and of itself, be considered "physical damage." As there was certainly evidence in this case from which it could be inferred that a "reasonably detectable serious impairment of structural integrity" occurred during the period the "all-risk" policy was in force, we consequently conclude that material issues of fact exist with respect to whether and to what extent the appellants are entitled to recover benefits under that policy. Accordingly, we hold that the trial court erred in granting the insurer's motion for summary judgment. However, having determined that the existence *vel non* of liability is a fact issue under the circumstances of this case, we further hold that the trial court did not err in denying the appellants' motion for partial summary judgment.

*Judgment affirmed in part and reversed in part. Carley and Benham, JJ., concur.*

DECIDED MAY 27, 1987 —
REHEARING DENIED JUNE 10, 1987 —

*Charles M. Jones, Murray A. Galin*, for appellants.
*Richard K. O'Donnell, Clayton H. Farnham, John M. Tatum*, for appellee.